1
2
3
4
5
6
7

8                IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10 LAPATRICK JOHNSON,

11        Plaintiff,                   No. 2:12-cv-1531 GGH P

12     vs.

13 CITY OF OAKLAND, et al.,

14        Defendants.          <u>ORDER</u>

15 _____/

16         Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant

17 to 42 U.S.C. § 1983. Plaintiff has filed an application to proceed in forma pauperis pursuant to

18 28 U.S.C. § 1915.

19         The federal venue statute provides that a civil action "may be brought in (1) a

20 judicial district in which any defendant resides, if all defendants are residents of the State in

21 which the district is located, (2) a judicial district in which a substantial part of the events or

22 omissions giving rise to the claim occurred, or a substantial part of property that is the subject of

23 the action is situated, or (3) if there is no district in which an action may otherwise be brought as

24 provided in this action, any judicial district in which any defendant is subject to the court's

25 personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

26 /////

1

In this case, none of the defendants reside in this district. The claim arose in Alameda County, which is in the Northern District of California. Therefore, plaintiff's claim should have been filed in the United States District Court for the Northern District of California. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Northern District of California.

DATED: June 12, 2012

                          /s/ Gregory G. Hollows
                    UNITED STATES MAGISTRATE JUDGE

GGH:mp
john1531.21