IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| LaPATRICK JOHNSON, G-62253,            )<br>                                                             )<br>          Plaintiff(s),                              )<br>                                                             )<br>     vs.                                                 )<br>                                                             )<br>CITY OF OAKLAND, et al.,                )<br>                                                             )<br>          Defendant(s).                          )<br>_____  ) | No. C 12-3129 CRB (PR)<br><br>ORDER OF DISMISSAL |

Plaintiff, a prisoner at High Desert State Prison, has filed a pro se complaint under 42 U.S.C. § 1983 seeking damages for various wrongdoing he claims resulted in his wrongful conviction.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.     Legal Claims

In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Id. at 487.

When a state prisoner seeks damages in a § 1983 suit, the district court must therefore consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. See id. A judgment in favor of the plaintiff here would imply the invalidity of a state conviction which has not already been invalidated. The instant allegations therefore fail to state a cognizable claim under § 1983 and must be DISMISSED without prejudice. See Edwards v. Balisok, 520 U.S. 641, 649 (1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995). [1]

---

[1] And to whatever extent plaintiff seeks to challenge either the fact or duration of his confinement, his sole remedy is to file a petition for writ of habeas

**CONCLUSION**

For the foregoing reasons, the complaint is DISMISSED for failure to state a claim under the authority of 28 U.S.C. § 1915A(b).  The dismissal is without prejudice to reasserting the allegations in a new complaint if a cause of actions later accrues.

Based solely on his affidavit of poverty, plaintiff's request to proceed in forma pauperis (docket # 2) is granted.

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot and close the file.

SO ORDERED.

DATED:   June 21, 2012

CHARLES R BREYER
United States District Judge

G:\PRO-SE\CRB\CR.12\Johnson, L.12-3129.dismissal.wpd

---

corpus under 28 U.S.C. § 2254 after exhausting state judicial remedies.  See Calderon v. Ashmus, 523 U.S. 740, 747 (1998).  Any such claim therefore is dismissed without prejudice.  See Trimble, 49 F.3d at 586.

3